UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| MMA Consultants 1, Inc., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> The Republic of Peru, ) <br> ) <br> Defendant. ) <br> ) | No. 15-cv-5551 <br><br> <u>COMPLAINT</u> |

Plaintiff MMA Consultants 1, Inc., by the undersigned counsel, as and for its Complaint against Defendant The Republic of Peru ("Peru"), alleges as follows:

**NATURE OF THE ACTION**

1. This is a breach of contract action arising out of Peru's failure to pay fourteen (14) bearer bonds in Plaintiff's possession, issued by Peru in New York, when those bonds were presented to Peru for payment by the Plaintiff. (The fourteen (14) bonds in Plaintiff's possession are hereinafter referred to as "the Bonds." Each bond is referred to as each "Bond." True and accurate copies of the Bonds are attached hereto and incorporated herein as Exhibits 1-5 to this Complaint.) For its relief, Plaintiff seeks a payment from Peru for the amount due according to the language of the bonds – "$1,000, Certificates of Indebtedness of Peru Bearing seven per cent interest per annum, in gold," "with interest accruing thereon semiannually at the rate of seven per cent per annum." The Bonds were issued in New York City, and signed there by an Envoy Extraordinaire and Minister Plenipotentiary of Peru.

## PARTIES

2. Plaintiff, MMA Consultants 1, Inc. ("Plaintiff" or "MMA1") is a corporation in good standing, organized under the laws of the State of Illinois. MMA1 possesses original Bonds bearing the Numbers 467, 477, 496, 607, 612, 1886, 1887, 1889, 1890, 1899, 1884, 1885, 1859 and 1835.

3. Defendant Republic of Peru ("Defendant" or "Peru") is a "foreign state" as defined in 28 U.S.C. § 1603(a).

## JURISDICTION AND VENUE

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(f).

5. This Court has original jurisdiction in this case pursuant to 28 U.S.C. §§ 1330. This Court has subject matter jurisdiction pursuant to the Federal Sovereign Immunities Act ("FSIA"), 28 U.S.C §1605(a)(2), because this action is based upon commercial activity carried out in the United States by Peru, a foreign state, and such commercial activity – the issuance of the Bonds at issue in this Complaint, in New York City, New York – has had a direct effect in the United States and specifically in New York.

6. This Court has personal jurisdiction over Peru, a foreign state, pursuant to the FSIA, because: (1) it has subject matter jurisdiction, and (2) service will be effected in accordance with the FSIA, under 28 U.S.C. §1608(a)(2), (a)(3) or (a)(4).

## STATEMENT OF FACTS

7. In 1875, Peru issued a series of bonds pursuant to a contract with certain consignees of guano, the Guano Consignment Company in the United States of America ("GCCUSA"), in order to refinance its debt to those consignees. These bonds were styled

"$1,000 Certificates of Indebtedness of Peru bearing seven per cent interest per annum, in gold," and were issued on May 18, 1875, in New York City and signed there by Don Manuel Freyre, Envoy Extraordinaire and Minister Plenipotentiary of Peru. Specifically, each bond states: "Know all men by these presents, that I the undersigned Envoy Extraordinaire and Minister Plenipotentiary of Peru in Washington have been instructed and specially authorized to pledge, and do hereby pledge, the National Faith of Peru towards the faithful performance and observance of the conditions under which this Certificate has been issued as set forth above. … In witness whereof I have hereunto affixed my seal of office and signature on behalf of the Government of Peru, in the City of New York, on this 1st day of May 1875."

8. Peru issued 3,600 such bonds. Each bond provides, in pertinent part, that: "Now therefore the Government of Peru hereby acknowledges itself indebted unto … Bearer in the sum of One Thousand Dollars in United States Gold coin, and promises to pay said sum of One Thousand Dollars to the holder of this Certificate … with interest accruing thereon semiannually at the rate of Seven per cent per annum, from and after the first day of May 1875 …." Each bond provides that the payment shall be made in New York, New York, and provides no other location for payment.

9. Also provided in each bond, the Government of Peru "pledge[d] the National Faith of Peru towards the faithful performance and observance of the conditions under which this Certificate has been issued."

10. MMA1 holds Bonds with the Numbers 467, 477, 496, 607, 612, 1886, 1887, 1889, 1890, 1899, 1884, 1885, 1859 and 1835. As shown on the face of each Bond, these Bonds are bearer bonds, entitling the bearer to redeem the Bonds for full payment, plus interest.

11. On May 26, 2015, Plaintiff, by its attorney, sent a letter via Federal Express Overnight Delivery, to The Minister of Economics and Finance, National Division of Public Debt, Republic of Peru, c/o The Embassy of Peru in America, in Washington, D.C., demanding payment from Peru on the fourteen (14) Bonds that it holds. The letter requested a response within fourteen (14) days. No response from Peru was received.

12. On June 11, 2015, Plaintiff, by its attorney, sent a second letter via Federal Express Overnight Delivery, to The Minister of Economics and Finance, National Division of Public Debt, Republic of Peru, c/o The Embassy of Peru in America, in Washington, D.C., demanding payment from Peru on the fourteen (14) Bonds that it holds. The letter attached a copy of a draft complaint and requested a response within fourteen (14) days. No response from Peru was received.

13. On July 7, 2015, Plaintiff, by its attorney, sent a third and final letter via Federal Express Overnight Delivery, to The Minister of Economics and Finance, National Division of Public Debt, Republic of Peru, c/o The Embassy of Peru in America, in Washington, D.C., demanding payment from Peru on the fourteen (14) Bonds that it holds. The letter stated that, if a response was not received from Peru by 5 p.m. Central Time on July 15, 2015, then MMA1 would file a complaint for breach of contract for collection on the Bonds. No response from Peru was received.

14. In response to Plaintiff's repeated demands for payment of the fourteen (14) Bonds that it holds, Peru has failed to pay the principal and interest due on the Bonds.

## COUNT I – BREACH OF CONTRACT

15. Plaintiff realleges each and every preceding allegation as if set forth fully herein.

16. Plaintiff brings this lawsuit against Peru for breach of its contractual obligations to Plaintiff.

17. In response to Plaintiff's repeated demands for payment of the principal and interest due on the Bonds, Peru's failure and refusal to pay the principal and interest due on the fourteen (14) Bonds in Plaintiff's possession constitutes a breach of contract.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

1. Awarding a money judgment to Plaintiff for the damages that it has sustained as a result of Peru's breach of contract for failure to repay the Bonds and the interest due thereon, including without limitation, payment in gold of $1,000 per Bond, including interest, accruing semiannually, at the rate of seven (7) per cent per annum;

2. Awarding Plaintiff its reasonable costs and attorneys' fees;

3. Awarding Plaintiff prejudgment interest pursuant to New York CPLR 5001(a);

4. Awarding such other and further relief as this Court may deem just and proper.

DATED: July 16, 2015

By: /s/ Patrick J. Ahern

Patrick J. Ahern
Edith Rasmussen
Ahern and Associates, P.C.
Three First National Plaza
70 West Madison Street, Suite 1400
Chicago, Illinois 60602

Attorneys for Plaintiff MMA Consultants 1, Inc.