## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

MMA Consultants 1, Inc.,

                 Plaintiff,

        v.                           No. 15-cv-5551

The Republic of Peru,

                 Defendant.

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
## <u>TO STRIKE OR EXCLUDE THE LIDE DECLARATION</u>

In support of its Motion to Dismiss, Defendant submitted the Declaration of James Lide (Dkt. #13). However, as pointed out in Plaintiff's Response, that Declaration was based completely on hearsay, was not expert opinion, and was not relevant. In its Reply, Defendant did not respond to or refute any of Plaintiff's arguments. Instead, if anything, Defendant ratcheted up its reliance on that Declaration. Based on Defendant's failure to respond to Plaintiff's arguments regarding the admissibility of Mr. Lide's Declaration – thereby conceding them – and for the reasons stated below, this Court should strike or exclude the Lide Declaration.

## I.      THE LIDE DECLARATION SHOULD BE STRICKEN OR EXCLUDED.

The Lide Declaration should be stricken or excluded on the grounds that (1) it does not comply with Rule 56(e) of the Federal Rules of Civil Procedure, insofar as it is not made based on Mr. Lide's personal knowledge, (2) it is based entirely on inadmissible hearsay – mostly newspaper articles, (3) it is not expert opinion and is not reliable, (4) it fails to lay a proper

foundation and to authenticate the documents attached and relied on, and (5) it is irrelevant.

### A.  The Lide Declaration Does Not Comply with Rule 56(e).

The Lide Declaration should be stricken or excluded because it does not comply with Rule 56(e) of the Federal Rules of Civil Procedure.  Rule 56(e) requires that any affidavit submitted in connection with summary judgment must be based on the affiant's personal knowledge. *See Barkley v. Penn Yan Central School District*, 2011 U.S. App. LEXIS 18535, at *10-11 (2nd Cir. 2011)("An affidavit or declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge, [and] set out facts that would admissible in evidence").  Moreover, a court considering summary judgment may only rely on admissible evidence. *Id.*  The same rules apply to a court's consideration of a Rule 12(b)(1) motion. *See Hai Precision Indus. Co., Ltd. v. Wi-Lan, Inc.*, 2013 U.S. Dist. LEXIS 74818, at *8-9 (S.D.N.Y. 2013)(when considering a Rule 12(b)(1) motion, a court "may not rely on conclusory or hearsay statements").

The Lide Declaration is quite plainly not based on Mr. Lide's personal knowledge.  First, Mr. Lide's Declaration refers to documents that are entirely hearsay.  Moreover, Mr. Lide does not state (nor could he) that he has personal knowledge of the newspaper articles and other documents, or of the facts contained in them.  For example, Mr. Lide does not state that he has personal knowledge of the newspaper articles from the late 1800's in New York – nor could he.  The same can be said for the facts contained in those articles.  Therefore, since it is not based on his personal knowledge, Mr. Lide's Declaration does not comply with Rule 56(e) and therefore must be stricken or excluded.

### B.  The Lide Declaration Consists Entirely of Inadmissible Hearsay.

The Lide Declaration should also be stricken or excluded because it consists entirely

of inadmissible hearsay.  It consists entirely of newspaper articles and other documents.  Such documents are hearsay and do not fall within any exception to the hearsay rule.  Moreover, they are offered to prove the truth of the matter asserted – that the bonds were not issued in New York City.  In addition, it is well-established that a court considering a Rule 12(b)(1) motion may only rely on admissible evidence. *See Hon Hai, supra*; *see also* discussion, *infra*, at pp. 6-7.  Therefore, because it consists entirely of inadmissible hearsay, the Lide Declaration must be stricken or excluded.

### C.  The Lide Declaration Is Not Expert Opinion and Is Not Reliable.

The Lide Declaration should be stricken or excluded because it is not expert opinion and is not reliable.

### a.  The Lide Declaration Is Not Expert Opinion.

 Even if historical research, in some circumstances, could constitute admissible expert opinion, Mr. Lide is not a historian on bonds, or financial instruments, or sovereign debt, much less on the sovereign debt of Peru. *See Pooshs v. Phillip Morris USA, Inc.*, 287 F.R.D. 543 (N.D. Cal. 2012).  In *Pooshs*, the court struck the opinion of a purported expert in "tobacco documents archival research." *Id.* at 547. Furthermore, the expert claimed to specialize in searching for documents, and "interpreting" what she found. *Id.*  The court struck the expert's opinion because, as here, she was not an expert in the underlying subject matter – that is, in that case, on cigarette design.  So, too, in this case, Mr. Lide is not an expert in the issuance of bonds in the late 1800's in the United States, or on financial instruments, or sovereign debt, or the sovereign debt of Peru.

All that he has done (or his team has done) is to search for newspaper articles mentioning the 1875 bonds.  It does not take an expert to do that.  Indeed, one of the main

sources of the newspaper articles attached to Mr. Lide's Declaration is called ProQuest, an online database for searching old newspaper articles.  There is no explanation from Defendant as to why information from ProQuest could not have been searched for by a lay person, and the results attached as Exhibits to its brief (which would nonetheless be inadmissible hearsay). Therefore, based on the decision in *Pooshs*, Mr. Lide's declaration should be stricken or excluded on this ground.

### b. The Lide Declaration Should Be Stricken or Excluded Because It Is Not Reliable.

The Lide Declaration should also be stricken or excluded because it is not reliable.  It is not reliable because Mr. Lide has not described any methodology for his search for documents. *See Pooshs, supra.*  In *Pooshs*, the court struck the opinion of a purported expert in "tobacco documents archival research," who claimed to specialize in searching for documents, and "interpreting" what she found, because, inter alia, she failed to describe how she conducted the searches. *Id.* at 547-48.  Thus, the Court held:

> Nor has she explained how she conducted her searches. While she claims that there are "well-developed protocols" for searching documents based on the "snowball technique," she does not explain what those protocols are, and has conceded that the search involves a human element in refining search terms used in the technique that may lead to bias in the document collection process.

*Id.*   In the instant case, the failure to describe the methodology for the "historical research" is underscored by the inconsistency of the purported results.  For example, on the one hand, Mr. Lide states that, between 1906 and 1928, there were "numerous articles on Peruvian debt instruments" (Par. 15), but then he states that another source reviewed – the New York State Banking Department's Annual Reports from 1885-1925 – did not contain any registrations for foreign bonds, including Peruvian debt. (Lide Decl., ¶ 19.)

Furthermore, the absence of any stated methodology is also apparent because the

purported "numerous articles on Peruvian debt instruments from 1906 to 1928," contain many different types of articles, reporting on matters not limited to bonds, and also are based on reports from London and Lima, not just from New York. (Lide Decl., ¶ 15.)  For example, Mr. Lide's "numerous articles on Peruvian debt instruments from 1906 to 1928" include the following documents:

1. Feb. 14. 1906 – a loan involving Peru – not bonds

2. Feb. 16, 1906 – the same loan, awarded to a German bank, bonds "to be issued", not a notice of issuance.

3. Feb. 16, 1906 – same as 1 and 2 above.  Exact same article as 2 above.

4. Oct. 8, 1907 – entitled "Our London Cables", with London as the origin of the article, and states that, in Paris, "selling Portuguese and Peruvian bonds."   No reference to 1875 bonds, or to New York.

Id.  Based on the above varied and irrelevant results, the random nature of the documents contained in Mr. Lide's "historical research" demonstrates a lack of reliable methodology, or no methodology at all.

Moreover, out of the 20 documents attached to Exhibit F, there is only one (1) notice of offering and three (3) reports of issuance of bonds.  They are dated 1922, 1924 and 1926 (2) --  almost 50 years after the issuance of the Bonds in 1875; more importantly, they are all from the Wall Street Journal, which Mr. Lide's source, ProQuest (www.proquest.com) does not have issues of prior to 1889.  Thus, the clear inference is that any notice of offering or reports of issuance were published only in the Wall Street Journal and there were no issues of the Wall Street Journal available for the time period covering 1875.

In addition, the purported advertisements in Exhibit C by Hobson Hurtado prior to

1875 are not notices of issuance or offerings and actually appear to be notices of redemption; however, most of them are illegible, and they do not indicate a date or a publication (newspaper) or source.

Furthermore, Mr. Lide's Declaration is not reliable because he has not established a foundation for and the reliability of his sources.  For example, the ProQuest website and database contains only 22 newspapers and does not contain the Wall Street Journal before 1889.  Moreover, there is no description regarding how the database was constructed, so that one could say with confidence that it actually contains, for example, all of the editions of the daily New York Times during the relevant period.[1]  Without such information, we are left to speculate on the completeness of the database.  And this can be said of all of Lide's "sources" – all of which he fails to describe sufficiently in order to lay a foundation for them and establish their reliability.

Finally, the court in *Pooshs* struck the expert's opinion because her "interpreting" the documents would not aid the jury, which could review the documents.  Thus, the Court held:

> Moreover, testimony "interpreting" cigarette company documents would not assist the jury because those documents speak for themselves.

*Id.*   Once again, in this case, Mr. Lide, at best, is interpreting documents, such as advertisements of bond redemptions, or in other circumstances, the absence of documents. *See e.g., Cyprus Amax Minrerals Co. v. TCI Pacific Communications, Inc.,* 2014 U.S. Dist.

---

[1] Moreover, the ProQuest Terms and Conditions states that "PROQUEST AND ITS LICENSORS DISCLAIM ALL OTHER WARRANTIES, EXPRESS OR IMPLIED, INCLUDING WITHOUT LIMITATION, THOSE PERTAINING TO: … ***AVAILABILITY, ACCURACY, TIMELINESS, CORRECTNESS, RELIABILITY, CURRENCY, OR COMPLETENESS OF THE SERVICE OR ANY INFORMATION OR RESULTS OBTAINED THROUGH THE SERVICE.***" (Emphasis provided.)  In addition, those Terms and Conditions contains a section entitled "Variations in Content," which provides that "ProQuest shall have the right, in its reasonable and good faith discretion, to remove or modify materials in the Service."

LEXIS 21829, at *14 (N.D. Okla. 2014) ("The Court will not [make an inference] only from the absence of certain documents").  Therefore, based on *Pooshs*, this Court should strike or exclude Mr. Lide's declaration because it will not aid the trier of fact.

### D. Mr. Lide Has Failed to Authenticate the Documents Attached to His Declaration.

The Lide Declaration should also be stricken or excluded because neither Mr. Lide nor Defendant made any effort to authenticate the documents attached thereto.  Insofar as all of the documents attached to Mr. Lide's declaration are pulled from either the ProQuest website and database, or some other website or database, they are unauthenticated, and therefore inadmissible.  It is well-established that unauthenticated documents cannot be considered on summary judgment (or a Rule 12(b)(1) motion). *See, e.g., Canada v. Blain's Helicopters, Inc., at el.*, 831 F.2d 920, 925 (9ᵗʰ Cir. 1987).  In *Canada*, the Ninth Circuit held that the plaintiff could not rely on unauthenticated documents taken from an NTSB report.  Thus, the Court held:

> It is well settled that unauthenticated documents cannot be considered on a motion for summary judgment. In order to be considered by the court, "documents must be authenticated by and attached to an affidavit that meets the requirements of [*Fed. R. Civ. P.] 56(e)* and the affiant must be a person through whom the exhibits could be admitted into evidence." 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2722 at 58-60 (2d ed. 1983) (footnotes omitted). This court has consistently held that documents which have not had a proper foundation laid to authenticate them cannot support a motion for summary judgment. *Hamilton v. Keystone Tankship Corp., 539 F.2d 684, 686 (9th Cir. 1976)*; *United States v. Dibble, 429 F.2d 598, 601-02 (9th Cir. 1970)*. We hold that such documents may not be relied upon to defeat a motion for summary judgment.

*Id.  See also, Interplan Architects, Inc. v. C.L. Thomas, Inc., et al.*, 2010 U.S. Dist. LEXIS 114306, at *25-26 (S.D. Tex. 2010) (excluding unauthenticated documents attached to an affidavit from consideration on summary judgment, and holding that "Rule 56(e)(1) requires that certified or sworn copies of these materials must be attached to [the] affidavit").

Moreover, any information taken off of the Internet or a website is hearsay. *See e.g., Novak v. Tucows, Inc. et al.*, 2007 U.S. Dist. LEXIS 21269, at \*15-18 (E.D.N.Y. 2007); *see also, U.S. v. Jackson*, 208 F3d 633, 638 (7th Cir. 2000); *St. Clair v. Johnny's Oyster & Shrimp, Inc.*, 76 F. Supp. 2d 773, 775 (S.D. Tex. 1999); *Costa v. Keppel Singmarine Dockyard PTE, Ltd.*, 2003 U.S. Dist. LEXIS 16295 (C.D. Cal. 2003).  In addition, any documents pulled or printed from a website are inadmissible unless they are properly authenticated. *See Novak*, 2007 U.S. Dist. LEXIS 21269, at \*17-18 (holding inadmissible documents printed off of websites where "such documents have not been properly authenticated pursuant to *Fed. R. Evid. 901*").  In *Novak*, the Court held:

> As Novak proffers neither testimony nor sworn statements attesting to the authenticity of the contested web page exhibits by any employee of the companies hosting the sites from which plaintiff printed the pages, such exhibits cannot be authenticated as required under the Rules of Evidence. *See, e.g. Costa v. Keppel Singmarine Dockyard PTE, Ltd., No. 01-CV-11015 MMM (Ex), 2003 U.S. Dist. LEXIS 16295, at \*29 n.74 (C.D. Cal. Apr. 25, 2003)* (declining to consider evidence downloaded from corporation's website in the absence of testimony from the corporation authenticating such documents) (citing *Jackson, 208 F.3d at 638*, and *St. Clair, 76 F. Supp. 2d at 775* ("Anyone can put anything on the internet. No web-site is monitored for accuracy and nothing contained therein is under oath or even subject to independent verification absent underlying documentation.")). Therefore, in the absence of any authentication of plaintiff's internet printouts, combined with the lack of any assertion that such printouts fall under a viable exception to the hearsay rule, defendants' motion to strike Exhibits B, J, K, N-R, U and V is granted.

*Id.* at 18.  Finally, not only did the Court in *Novak* exclude the unauthenticated materials from a website, but it did so on a Rule 12(b)(1) motion.  Therefore, because Mr. Lide has failed to authenticate any of the materials printed off of or taken from online or hard copy databases, those materials should be excluded.

### E.  The Lide Declaration Is Irrelevant.

The Lide Declaration should be stricken or excluded because it is irrelevant.  It is simply not relevant whether the issuance of the bonds was mentioned in a newspaper in New York City. The fact that it may not have been is not evidence that the bonds were not issued in New York

City. *See e.g., Cyprus Amax Minerals Co., supra,* 2014 U.S. Dist. LEXIS 21829, at *14 ("The Court will not [make an inference] only from the absence of documents").  Moreover, the fact that the redemption of the bonds may not have been mentioned in the New York Times, the New York Herald or the Wall Street Journal, is doubly irrelevant because not only is the intended inference impermissible, but also the bonds were never redeemed by Peru.

In addition, the portion of his Declaration relating to the British Bondholders Council is irrelevant because there is no suggestion or contention that the bonds in question were issued in Britain.  Furthermore, Mr. Lide indicates that he and his team only searched the Foreign Bondholders Protective Council, a U.S. organization, for 1935 and 1936 – far too limited a period of time to draw any reasonable inference.  Finally, if the bonds were issued in New York City by Peru and then, as Defendant contends, delivered to GCC, there would not be any notice of issuance for the bonds to the public.  For this additional reason, the Lide Declaration is irrelevant.

## CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests that this Court strike or exclude the Lide Declaration in its entirety.

Dated: August 26, 2016

_____
Patrick J. Ahern
Ahern and Associates, P.C.
Willoughby Tower
8 South Michigan Avenue
Suite 3600
Chicago, IL  60603
Ph: (312) 404-3760
patrick.ahern@ahernandassociatespc.com